IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| JEREMY DUANE CROFFORD, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-0027-F |
| | ) | |
| OKLAHOMA DEPARTMENT OF CORRECTIONS, | ) ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Jeremy Crofford applies for habeas corpus relief pursuant to 28 U.S.C. § 2241. Doc. 1. He asks the court to order the expungement of a disciplinary misconduct from his record, claiming that he is actually innocent of the infraction. *Id.* at 6. He maintains that because he is not eligible to earn credits due to the nature of his convictions, no state corrective process is available under Okla. Stat. tit. 57, § 564.1. *Id.* at 1. He states that "sanctions [were] imposed" but does not detail them. *Id.* at 2. He alleges that he "suffers atypical and significant hardship incident to every day prison Life" and "has suffered irreparable Damage, Prejudice, and Due Process Violations . . . ." *Id.* at 3.

United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). The undersigned has reviewed Mr. Crofford's submissions

and recommends that his habeas action be dismissed on filing.[1]

## I. Habeas relief is unavailable.

"In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). On the other hand, "a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Id.* Mr. Crofford "does not allege the deprivation of [earned] credits or otherwise challenge the *duration* of his confinement." *Buhl v. Berkebile*, ___ F. App'x ___, No. 14-1389, 2014 WL 7273323, at *2 (10th Cir. Dec. 23, 2014). Rather, he affirmatively alleges that he is "not eligible to earn credits . . . ." Doc. 1, at 1. Expungement of his misconduct conviction would not impact the length of his confinement. As a result, Mr. Crofford's application does not state a claim for habeas corpus relief, and dismissal of the action is recommended.[2]

---

[1] Mr. Crofford neither paid his $5 filing fee with his habeas application nor did he request leave to proceed in forma pauperis (ifp). The undersigned has not raised this deficiency in light of the recommended dismissal.

[2] Because it does not appear that Mr. Crofford can make a cognizable claim for habeas relief due to his non-credit-earning status, granting leave to amend the habeas application would be futile. *See* Doc. 1, at 1. If he elects to raise his due process claims through a civil rights action, he would do so in an action by complaint pursuant to 42 U.S.C. § 1983, either paying his $ 400 filing
(continued...)

2

## II. Recommendation and notice of right to object.

For the reasons stated, the undersigned Magistrate Judge recommends that Mr. Crofford's 28 U.S.C. § 2241 action be summarily dismissed without prejudice for failure to state a cognizable claim for habeas relief.

The undersigned advises Mr. Crofford of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before February 2, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Mr. Crofford that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The undersigned directs the Clerk of Court to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag. state.ok.us.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

---

[2](...continued)
fee or seeking ifp status and paying the fee as his funds exist. *See* 28 U.S.C. § 1915(b).

ENTERED this 13th day of January, 2015.

                                                                                        */s/ Suzanne Mitchell*
                                                                     SUZANNE MITCHELL
                                                                     UNITED STATES MAGISTRATE JUDGE